UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                   Case No: 2:18-cv-81-FtM-38MRM

CITY FORT MYERS, DERRICK
DIGGS, STEPHEN B.
RUSSELL, NATALIE K.
SAVINO, NICOLAS MAMALIS,
ALESHA MOREL and TYLER
LOVEJOY,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendant Natalie K. Savino's Motion to Dismiss (Doc. 53) and Defendants City of Fort Myers, Derrick Diggs, Nicolas Mamalis, and Alesha Morel's Motion to Dismiss (Doc. 56). Plaintiff David Scott Hastings, appearing pro se, has filed one response to both motions. (Doc. 60). Also here is Hastings' Motion to Recuse the undersigned (Doc. 61).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

Hastings brings a 42 U.S.C. § 1983 claim against the City of Fort Myers and several city and state officials involved in his misdemeanor stalking case. His complaint stems from an email sent to three of his adult children on January 8, 2017. That email addressed his discovery of stolen trust funds and the legal action he would be forced to take to recover the money. Hastings claims his first ex-wife hacked into his son's email account, forwarded the email to herself, and then forwarded the email to Hastings' second ex-wife Elaine Hastings. Elaine Hastings reported the email to the Fort Myers Police Department, where it was used in a criminal proceeding by Defendants Nicolas Mamalis and Alesha Morel, who are Fort Myers police officers. Assistant State Attorney Natalie Savino filed a probable cause affidavit, stating Hastings violated the no-contact order, which led to an arrest warrant. Hastings was arrested in Idaho and extradited to Florida. Hastings was charged with misdemeanor stalking in Case Number 17-MM-389 in Lee County. The 2017 charge was nolle prossed.

Not mentioned in Hastings' complaint is his lengthy criminal history in Lee County, Florida. After ongoing domestic issues, a Lee County circuit judge issued a no-contact order in August 2013 that prohibited Hastings from contacting both his ex-wife Elaine Hastings and daughter Savannah Hastings. (*See* Doc. 56-1). Hastings violated the order, and in January 2014 an arrest

2

warrant was issued for aggravated stalking domestic violence. (*See* Doc 56-3). In October 2014, Hastings pled guilty to the aggravated stalking charge, and the state court issued an order deferring adjudication and placing Hastings on probation supervision for 48 months. (*See* Doc. 56-4). The Circuit Court dictated a no-contact order preventing Hastings from contacting both Elaine Hastings and Savannah Hastings. (Doc. 56-4).

Hastings did not comply with conditions of his probation. On March 2, 2017, Elaine Hastings reported his conduct to the police, providing a written statement describing his repeated violations of the no-contact order and producing evidence of emails, text messages, and other documents. (Doc. 56-7 at 7-11). Officer Mamalis was the officer who spoke with Elaine Hastings. (Doc. 56-7 at 10). After the conversation with Elaine Hastings, Officer Mamalis contacted Detective Morel and advised her of the situation. (Doc. 56-7 at 11). A few weeks later, Savino filed a Capias alleging that Hastings violated a no-contact order. (Doc. 53-1). She alleged that between August 10, 2016, and March 27, 2017, Hastings unlawfully, willfully, maliciously, and repeatedly followed or harassed his ex-wife. (*See* Doc. 53-2). The state court issued a warrant for Hastings' arrest. (*See* Doc. 56-6).

On April 18, 2017, a Violation Report was filed alleging Hastings violated conditions (1) and (3) of his probation. (*See* Doc. 56-5). The Violation Report alleged that Hastings failed to report to probation as directed, moved

3

residences without permission of probation, violated the no-contact order in place, and threatened the lives of the victims and other family members. (Doc. 56-5). On April 26, 2017, an addendum to the violation report was filed. The addendum alleged Hastings sent several emails and text messages in violation of the no-contact order. (*See* Doc. 56-7 at 7-11).

In April and May 2017, Hastings issued multiple subpoenas and notices for production in the 2014 case. On May 8, 2017, Savino filed the "State's Notice of Objection and Motion to Quash Notice of Production and Subpoena Duces Tecum with Deposition." (*See* Doc. 53-5). The State's Notice of Objection referenced a protective order entered in Hastings' divorce case that prohibited Hastings from making court applications and/or subpoenas duces tecum without first obtaining an order. (*See* Doc. 53-6). The protective order found that Hastings' "vast filings are purposeful to provoke and cause direct harassment and harm" to his ex-wife and prohibited Hastings from making any future court applications or subpoenas. (Doc. 53-6).

In July 2017, Hastings' counsel filed a "Motion for Issuance of Subpoena Duces Tecum" in Case Number 17-MM-389. (*See* Doc. 53-7). He wanted information from his ex-wife, including her call logs, text message logs, data history logs, and email records. (Doc. 53-7).

Over four days in late September and early October 2017, an evidentiary hearing was held about the violation of probation. (*See* Doc. 53-12; Doc. 53-13;

4

Doc. 53-14; Doc. 53-15). Elaine Hastings testified at that hearing. According to her, she obtained an injunction against Hastings in 2013, he violated the injunction, and a criminal case was filed against Hastings. (Doc. 53-12 at 142: 8-14). Elaine Hastings also explained the many harassing subpoenas, notices of production, motions, objections, and appeals filed by her ex-husband that led to a protective order. (Doc. 53-12 at 143-152). She also testified that while Hastings was on probation, she reported his filings and contact with her to the Fort Myers Police Department. (Doc. 53-12 at 152-153).

On October 5, 2017, the state court entered an Order of Revocation of Probation stating the state court found Hastings violated his probation. Relevant here, the state court found he violated the no-contact order. (Doc. 56-9).[2] He was then remanded into custody and sentenced to sixty months in prison. (*See* Doc. 53-16).

On October 6, 2017, Savino filed a "Notice of Nolle Prosequi" in the Case Number 17-MM-389, the 2017 charge. (*See* Doc. 53-11).

Four months later, Hastings filed this federal suit. The Third Amended Complaint is the operative pleading (Doc. 27) and the subject of the motions to dismiss (Doc. 53; Doc. 56). Pertinent here, Hastings accuses Savino of violating

---

[2] The order found Hastings guilty of violating condition 5 of his probation. In the April 26, 2017, addendum, the state charged Hastings with violating condition 5 of his probation because he violated the no-contact order. (*See* Doc. 56-7 at 3).

5

his due process rights by lying in a probable cause affidavit and overstating to the state court the number of subpoenas issued to his ex-wife in his divorce case (Counts II and V). Hastings does not state what roles Officers Mamalis and Morel played in the investigation, but he claims they were the "legal cause" of the criminal charge and accuses them of malicious prosecution (Count III). Hastings reported Officers Mamalis and Morel to Fort Myers Police Chief Derrick Diggs, who took no action. He thus sues Chief Diggs for negligence in the supervision, training, and retention of the officers. (Count VI). Hastings also sues the City of Fort Myers for negligently hiring, training, and disciplining Mamalis, Morel, and Diggs, and seeks to hold the City vicariously liable for the officers' conduct (Count VII).

Savino, in her individual capacity, moves to dismiss Counts II and V of the Third Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[3] (Doc. 53). The City, Chief Diggs, Officer Mamalis, and Officer Morel[4] move to dismiss for the same reason. (Doc. 56). Just days after responding to both motions, Hastings has moved to recuse the undersigned under 28 U.S.C. § 455. (Doc. 61). Before deciding the jurisdictional challenge, the Court must first address the recusal issue.

---

[3] The Court previously dismissed Count I and all claims against Savino in her official capacity. (Doc. 45 at 6).

[4] Officers Mamalis and Morel bring their motion in their official capacities. (Doc. 56 at 1).

6

## MOTION TO RECUSE

Section 455 provides two bases for recusal.[5] First, a judge must recuse herself when her "impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Second, a judge must disqualify herself where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1). Both bases require recusal for extra-judicial conduct outside the present judicial proceedings. *See Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) (stating a party "must show more than a disagreement with the judge's judicial philosophy: they must point out personal, extrajudicial bias"); *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2018 WL 8919875, at *2 (M.D. Fla. Mar. 9, 2018) (citations omitted).

For § 455(a), the concern is avoiding the appearance of partiality. Thus, "[t]he test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993) (citations omitted). "While Subsection 455(a) addresses the appearance of impropriety, Subsection 455(b) addresses the problem of actual bias by mandating recusal in certain specific

---

[5] Hastings moves for recusal under "28 U.S.C. § 455(a)(b)(1). (Doc. 61). But because there is no "§ 455(a)(b)(1)," the Court liberally reviews the motion under both § 455(a) and § 455(b)(1).

7

circumstances where partiality is presumed, including personal bias or prejudice towards a party to the litigation." *DeBose*, 2018 WL 8919875, at *2 (internal quotes and citations omitted); 28 U.S.C. § 455(b)(1). But a judge must preside over the case if none of the enumerated conflicts of interest mandating recusal under § 455(b) apply. *See Prescott v. Alejo*, No. 2:09-CV-791-FTM36SPC, 2010 WL 2366575, at *1 (M.D. Fla. June 11, 2010).

Here, Hastings argues for recusal because the undersigned and her family know his ex-wife, who is the alleged victim in the underlying domestic dispute, and stepson. For example, Hastings notes the undersigned's and his stepson attended grade school and played sports together. He also says that his ex-wife and the undersigned's spouse worked for the same employer. Because of these connections from years past, Hastings argues the undersigned must recuse from this case. Not so.

Even taking Hastings' facts as true,[6] no reasonable person could question the undersigned's impartiality or think the undersigned has any bias or prejudice against Hastings. Any contact the undersigned or her family may have had with Hastings and his family was fleeting, and years removed from this proceeding. And any interaction was unrelated to the issues involved in

---

[6] The undersigned disagrees with Hastings' factual allegations about the contact between their families. But the undersigned need not delve into these disagreements because even accepting Hastings' allegations as true does not warrant recusal under § 455.

this civil rights suit and can in no way influence the undersigned. What is more, Hastings does not even argue – nor could he – that the undersigned has any personal knowledge of disputed facts about this suit.

And to be clear, neither the ex-wife nor stepson are named parties here. Hastings sues a municipality and government workers for alleged constitutional violations. Although the ex-wife and stepson may have played lead roles in the underlying domestic dispute, their roles here are minor at best.

In sum, Hastings presents no evidence that the undersigned will be unfair and partial.[7] *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir. 1986) ("a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation"). Because Hastings has failed to show that recusal is warranted, the Court will turn next to whether it has subject matter jurisdiction to hear this case.

## MOTIONS TO DISMISS

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal when the court lacks subject-matter jurisdiction. There are two types of motions to

---

[7] Hastings has litigated several cases before the undersigned – many of which have been dismissed – yet has not raised recusal until now. To the extent that the prior lawsuits may be motivating the motion for recusal, adverse orders or rulings do not themselves evidence bias. *See Jones v. Commonwealth Land Title Ins. Co.,* 459 F. App'x 808, 811 (11th Cir. 2012).

9

dismiss for the lack of subject-matter jurisdiction: the "facial attack" and the "factual attack." Defendants assert a factual attack that challenges the existence of subject-matter jurisdiction in fact, despite the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered by the court. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted).

**B. Discussion**

Hastings sues Savino, Morel, Mamalis, Diggs, and the City of Fort Myers under 42 U.S.C. § 1983. Section 1983 provides a cause of action against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Carey v. Piphus*, 435 U.S. 257, 254-57 (1978).

Defendants contend Hastings' claims under § 1983 are barred by the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

10

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* "[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer v. Lee*, 488 F.3d 876, 879-80 (11th Cir. 2007).

*Heck*'s holding can be distilled into three main inquiries: (1) whether there is an underlying conviction or sentence; (2) whether a judgment for the plaintiff would imply the invalidity of the conviction or sentence; and (3) whether the underlying conviction or sentence has been invalidated or otherwise favorably terminated. *Henry v. City of Mt. Dora*, No. 5:13-cv-528-Oc-30PRL, 2014 WL 5823229, at *3 (M.D. Fla. Nov. 10, 2014).

Here, there is an underlying conviction or sentence. Hastings was convicted of violating the probation imposed in Case Number 14-CF-12. And Hastings cannot show his criminal sentence and conviction have been

overturned. He is currently incarcerated for aggravated stalking in Case Number 14-CF-12. (*See* Doc. 53-16).

Based on the Court's review of the record, the state court found Hastings violated his probation by violating a no-contact order barring communication with his ex-wife or daughter. Any claim that challenges the validity of the revocation—that is, that challenges the finding Hastings violated his no-contact order—must be dismissed. With that principle guiding the Court's analysis, the Court examines whether the dismissal of the remaining counts sought is warranted.

### 1. *Defendant Savino's Motion to Dismiss*

Savino argues that Counts II and V are barred by *Heck*. She is half right. Count II is an alleged due process violation against Savino for making a false declaration and/or affidavit before a grand jury/court. It alleges, "On or about March 27, 2018, Defendant SAVINO filed a Probable Cause Affidavit in Lee County, Florida case # 17MM-389, of which [sic] contained a statement that Plaintiff violated a No Contact Order in Lee County, Florida case # 13-DR-1298 between August 13, 2016 and March 27, 2017." (Doc. 27 at 13). Hastings alleges Savino had "absolutely no evidence of any restraining orders violations and thereby knew full well that by signing the Affidavit she was committing fraud upon the Court." (Doc. 27 at 13). He also alleges that Savino "knowingly made false declaration of facts not supported by any evidence." (Doc. 27 at 14).

12

Count II is barred by *Heck*. Hastings was convicted of violating probation in part because the state court found that he violated the no-contact order. But he now claims in Count II that Savino falsely said he violated the no-contact order. If successful, Hastings' conviction would be invalid because Savino cannot falsely declare that Hastings violated the no-contact order when the state court independently found him to have done after the evidentiary hearing. At bottom, Hastings attempts to relitigate whether he violated the no-contact order through Count II, which is what *Heck* prevents.

The same cannot be said for Count V. There, Hastings alleges that Savino "in an attempt to have the presiding Judge deny [his] Motion to Issue Subpoenas and Depositions, falsely stated under oath that the Plaintiff had 'issued over 400 subpoenas against the alleged victim and used the process to harass the victim in the divorce case.'" (Doc. 27 at 22-23). Hastings claims Savino was aware he had issued only thirteen subpoenas, not 400. (Doc. 27 at 23). He claims this violated his due process rights.

Savino argues that Count V is barred by *Heck*. The Court disagrees. The state court revoked Hastings' probation because he violated the no-contact order. Whether Savino lied about the number of subpoenas issued does not necessarily invalidate his conviction. *Heck* bars a § 1983 suit only when it is a "logical necessity" that judgment for the plaintiff in the suit would contradict the existing punishment. *Dixon v. Hodges*, 887 F.3d 1235, 1238 (11th Cir.

13

2018). "So long as 'there would still exist a construction of the facts that would allow the underlying [punishment] to stand, a § 1983 suit may proceed." *Id.* (internal quotations and citation omitted). Here, it is logically possible both that Hastings violated the no-contact order and that Savino lied about the number of subpoenas issued. Thus, *Heck* does not bar this claim.

The Court thus grants Savino's motion as to Count II but denies it as to Count V.

2. *Officers Mamalis and Morel's Motion to Dismiss as to Count III*

In Count III, Hastings brings a malicious prosecution claim against Officers Mamalis and Morals. The factual basis for this claim is as follows:

> An official criminal proceeding was commenced against [Hastings] for violating a restraining order, that clearly never occurred, and any reasonable public citizen or government official would have known there was no violation, as the facts clearly did not constitute a violation, because [Hastings] sent an email to non-parties (his 3 children), not to any party to the Domestic Violence Injunction. It was later "forwarded" by an ex-wife to another ex-wife (whom was a party to the domestic violence order). This was beyond Plaintiff's control or intent.
>
> Defendants MAMALIS and MOREL were the legal cause of this original proceeding by filing "illegally obtained" evidence and then alleging [Hastings] had violated the No Contact Order by legally sending his adult children a private/privileged email.

(Doc. 27 at 16, ¶¶ 72-73).

Hastings says that Mamalis and Morel violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment in pursuing a malicious prosecution

14

against him. "[T]he constituent elements of the common law tort of malicious prosecution include []: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (cleaned up).

Hastings' claim for malicious prosecution against Momalis and Morel is not currently cognizable because it calls into question the validity of his conviction, which has not been overturned or set aside. *See Heck*, 512 U.S. at 478-79 (dismissing § 1983 malicious prosecution lawsuit against prosecutors and investigators insofar as prisoner alleged that the investigation leading to his arrest was unlawful and arbitrary, that exculpatory evidence was destroyed, and that illegal voice identification procedure was used at trial). Contrary to Hastings' allegations, he clearly did violate the no-contact order, and the investigation initiated by Momalis and Morel resulted in his conviction. To permit him to bring a malicious prosecution claim against them would permit an attack on the validity of his conviction. Though Hastings insists Momalis and Morel used an illegally obtained email as part of the investigation, the heart of the charge in Count III is the malicious prosecution claim. If he solely alleged Momalis and Morel illegally obtained the email, *Heck* would not bar the claim because it is logically possible for the email to have

15

been illegally obtained and the conviction to stand. But Hastings does not allege that, instead using the illegally obtained evidence as part of his malicious prosecution claim. The charges in Count III are a broad attack on the officers for investigating Hastings for violating the no-contact order, an order he was later found to have violated. Two inconsistent judgments would result if Hastings successfully argued Mamalis and Morel lacked probable cause to investigate his alleged violation of the no-contact order when he imprisoned in part because he violated the no-contact order.

If Hastings succeeds on his malicious prosecution claim, it would invalidate his current sentence. The Court thus grants Officers Mamalis and Morel's motion to dismiss and dismisses Count III.

### 3. Chief Diggs' Motion to Dismiss as to Count VI

In Count VI, Hastings alleges that Chief Diggs negligently supervised Officers Mamalis and Morel because he failed to act against them when they used the illegally obtained email as evidence in criminal proceedings against Hastings. (Doc. 27 at 24-25). In the Eleventh Circuit, courts "ask whether 'it is possible that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." *Harrigan v. Metro Dade Police Department Station # 4*, 977 F.3d 1185, 1193 (11th Cir. 2020) (cleaned up). *Heck* does not stand in the way of a § 1983 suit if, following the

suit's success, "there would still exist a construction of the facts that would allow the underlying conviction to stand." *Id.*

The Court does not think *Heck* bars this claim. If Hastings succeeded on his § 1983 claim against Chief Diggs, it would not necessarily invalidate his prison sentence. It is logically possible that Diggs negligently supervised the officers and that Hastings violated the no-contact order. Thus, Count VI against Diggs is not dismissed.

*4. City of Fort Myers' Motion to Dismiss as to Count VII*

In Count VII, Hastings claims the City of Fort Myers, through the actions of Mamalis, Morel, and Diggs, breached its duty to exercise reasonable care in these ways:

> (A). Failure to properly identify an illegally hacked and forwarded email.
>
> (B). Failing to identify that no language inside the email violated the 'No Contact Order,' nor was it addressed to any party to the 'No Contact Order,' nor sent to any party of the 'No Contact Order' by Plaintiff.
>
> (C). Failure to be cognizant of the laws of the State of Florida pertaining to restraining orders and no contact criteria.
>
> (D). Failure to properly investigate the actions, motivations, statements, and evidence, provided by the two former wives of Plaintiff.
>
> (E). Responding to alleged complaints by persons with personal relationships with law enforcement officers who allow for these relationships to interfere with their duty to properly enforce the law in a neutral fashion.

17

Hastings' claim against the City of Fort Myers must be dismissed because it is based on a theory of vicarious liability. And a municipality cannot be liable under § 1983 on such a theory. *See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)* ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). The Court thus grants the City's motion to dismiss.

## CONCLUSION

The Court finds that it lacks jurisdiction to hear all remaining counts of the Third Amended Complaint except for Count IV against Defendant Stephen B. Russell, Count V against Defendant Savino, and Count VI against Defendant Diggs. Those are the only counts proceeding in this case and Defendants Russell, Savino, and Diggs will be the only remaining defendants.

Accordingly, it is now

**ORDERED:**

1. Plaintiff David Hastings' Motion to Recuse (Doc. 61) is **DENIED**.

2. Defendant Natalie Savino's Motion to Dismiss (Doc. 53) is **GRANTED in part and DENIED in part**.

    a. The Court dismisses Count II but not Count V.

    b. Savino must answer the Third Amended Complaint on or before **March 22, 2021**.

3. Defendants City of Fort Myers, Derrick Diggs, Alisha Morel, and Nicolas Mamalis' Motion to Dismiss (Doc. 56) is **GRANTED in part and DENIED in part**.

    a. The Court dismisses Counts III and VII but not Count VI.

    b. Diggs must answer the Third Amended Complaint on or before **March 22, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record