UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                                               Case No: 2:18-cv-81-SPC-MRM

STEPHEN B. RUSSELL and
NATALIE K. SAVINO,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Stephen B. Russell and Natalie K. Savino's[2] Motion for Summary Judgment (Doc. 97). Plaintiff David Scott Hastings, appearing *pro se*, has not responded.[3] The Court's Summary Judgment Notice informed Hastings he had 21 days to respond and his failure to respond signifies that he does not oppose the Motion, that all properly supported material facts submitted by Defendants will be admitted, and that

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The claims against the City of Fort Myers, Nicolas Mamalis, and Alesha Morel were dismissed on March 11, 2021 (Doc. 72), but those Defendants were not terminated from the case. The Court will direct the Clerk to terminate them.

[3] Hastings was a prisoner when this case was filed but he has since been released. His mailing address is in San Diego, California.

he may not rely solely on allegations in the unverified pleadings. (Doc. 100). Hastings has litigated several other cases in this Court, some through summary judgment. Thus, Hastings knows how civil litigation proceeds and there is a deadline to respond to motions. Thus, the Court will consider the Motion on the merits without a response, deeming all properly supported material facts admitted. After considering the Motion (Doc. 97), the record (Doc. 99), and the law, the Court grants the Motion.

## BACKGROUND

This is a civil rights case brought under 42 U.S.C. § 1983 against state officials involved with a 2014 felony aggravated stalking case (14-CF-12), and a 2017 misdemeanor stalking case (17-MM-389) against Hastings. The felony stalking charges stem from his violation of a no contact order entered in Lee County, Florida (13-DR-1298) between him and his ex-wife. What remains following dismissal of multiple claims and defendants (Doc. 72, Doc. 90) are two counts (Counts IV and V) against two defendants.

Count IV is against Stephen B. Russell, the former State Attorney for the Twentieth Judicial Circuit, in his individual capacity,[4] under the Fifth, Sixth, and Fourteenth Amendments for interfering with Hastings' right to counsel by intimidating or influencing his counsel to withdraw. Hastings

---

[4] The official capacity claim was dismissed on immunity grounds. (Doc. 45).

contends that his counsel, W.F. "Casey" Ebsary, Jr., withdrew from representation because he was unlawfully intimidated or influenced by Russell. (Doc. 99-5 at 2). Hastings also asserts that Russell influenced and intimidated attorney Douglas Molloy. (Doc. 99-5 at 2).

Count V is against Natalie K. Savino, the Assistant State Attorney who prosecuted the misdemeanor case, in her individual capacity,[5] for violating Hastings' due process rights under the Fifth and Fourteenth Amendments by overstating to the state court the number of subpoenas issued to his ex-wife in his divorce case. (Doc. 27). Hastings alleges that Savino "in an attempt to have the presiding Judge deny [his] Motion to Issue Subpoenas and Depositions, falsely stated under oath that the Plaintiff had 'issued over 400 subpoenas against the alleged victim and used the process to harass the victim in the divorce case.'" (Doc. 27 at 22-23).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine

---

[5] The official capacity claim was dismissed on immunity grounds. (Doc. 45).

dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At this stage, courts must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Fla.*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

### A. Influencing and intimidating counsel (Count IV) against Stephen Russell

"Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster v. City of Tampa Police Dept.*, 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983). To state a claim under 42 U.S.C. § 1983, Hastings must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001).

Although Hastings brings Count IV under the Fifth, Sixth, and Fourteenth Amendments, the Court considers the claim under only the Sixth Amendment. The Fifth Amendment protects a citizen's rights against infringement by the federal government, not by the state government, which we have here. *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1328 (11th Cir. 2015). As for the Fourteenth Amendment, "[w]here a particular

4

Amendment provides an explicit textual source of constitutional protection against a particular government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Thus, the Court considers Hastings' claim against Russell under the Sixth Amendment right to assistance of counsel.

The Sixth Amendment protects the rights of the accused in criminal prosecutions. It provides that:

> the right to a speedy and public trial, by an impartial jury ... and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. amend. VI. An element of the right to assistance of counsel is "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.* at 146.

Hastings alleges that Russell's actions unlawfully interfered with his Sixth Amendment right to counsel of his choosing. Hastings states Ebsary was "terminated" on June 5, 2017, because he was intimidated or influenced by Russell. (Doc. 99-4 at 1). Hastings bases this belief on Ebsary allegedly

5

informing him that (1) "under no defense presented" would Hastings not be found to have violated probation and that the State was seeking the maximum sentence, (2) the State would sentence him to "shut him up" because of the civil lawsuits Hastings filed, and (3) that "Steve Russell has a personal vendetta against Plaintiff." (Doc. 99-4 at 1).

Ebsary was deposed during this case. (Doc. 99-3). Hastings appeared and questioned him. Ebsary, who is from Tampa, testified that he withdrew from Hastings' case when it became evident to him that Hastings' preferred resolution would require engaging in voluminous discovery, hiring an expert witness, and conducting a lengthy hearing, and Hastings did not have the funds to pay for the work that his preparation would require.[6] (Ex. 99-3 at 15:11-15). A lengthy hearing would be required because Savino told Ebsary there was no way the case could be resolved without prison time and that meant a complex hearing was necessary. (Doc. 99-3 at 10). Ebsary also testified that he discussed this with Hastings and that they agreed the matter should be handled by local counsel in Fort Myers (attorney Douglas Molloy) to avoid travel time. (Doc. 99-3 at 15:11-23). Ebsary did not testify that any contact with the prosecutor's office swayed his decision to withdraw from the case. (Doc. 99-3 at 12-13). He testified that he never had contact with Russell,

---

[6] Hastings waived the attorney-client privilege during the deposition of Ebsary. (Doc. 99-3).

that Russell never asked him to withdraw from a criminal case, and Russell has never interfered with an attorney-client relationship of his. (Doc. 99-3 at 7-8). In sum, Hastings' claim that Ebsary's withdrawal resulted from intimidation by Russell lacks support in the record.

As for attorney Molloy, Hastings claims that Molloy represented him in case 14-CF-12, between May 27, 2017, and June 6, 2017 (Doc. 99-4), but there is no record of Molloy's appearance in that case. (Doc. 99-12). Molloy submitted a Declaration (Doc. 99-2), stating Russell has never intimidated him or influenced him to withdraw from a case.

Russell submitted a Declaration (Doc. 99-1), stating that he only became familiar with Hastings after this lawsuit was filed, and that he never intimated or influenced any attorneys to withdraw from any criminal cases, including Ebsary and Molloy. He confirms Ebsary's recollection that the two have never interacted or communicated.

In sum, the record shows no genuine issue of material fact whether Russell violated Hastings' Sixth Amendment right to the assistance of counsel for his defense. Ebsary, Molloy, and Russell, all of whom are members of the Bar, testified under oath that no intimidation or influence occurred, which is unrefuted by Hastings.

### B. Perjury (Count V) against Prosecutor Savino

Hastings alleges that Savino violated his due process rights under the Fifth and Fourteenth Amendments by committing perjury to gain a conviction. As Savino is a state official, the Court examines the case under the procedural Due Process Clause of the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment protects both substantive and procedural due process. A claim for deprivation of procedural due process must allege three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *J.R. v. Hansen*, 736 F.3d 959, 965 (11th Cir. 2013) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)); *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013). "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Hastings alleges that Savino committed perjury at a motion hearing on July 31, 2017, by falsely stating under oath that Hastings had "issued over 400 subpoenas against the alleged victim and used the process to harass the victim in the divorce case," although she knew that only thirteen subpoenas had been issued by Hastings in the divorce case. (Doc. 27 at 14, 22-23). Hastings says

8

that Savino made false statements to prevent Hastings from issuing subpoenas and taking depositions. (Doc. 27 at 14, 22-23).

The record refutes Hastings' allegations he was afforded constitutionally inadequate process. The Court has reviewed the transcript of the July 31, 2017 hearing on Hastings' motion for issuing subpoenas. (Doc. 99-31). During the hearing, Savino was not under oath but argued against the motion in her official capacity on behalf of the State: "[A]fter that [divorce] case was absolutely closed Mr. Hastings filed upwards of 300 to 400 pages of documents … and filings in that case. Dozens and dozens of notices of subpoenas were filed in that closed case that have absolutely nothing to do with the divorce case." (Doc. 99-31 at 9:10-12, 14-17). She did not state that over 400 subpoenas were issued. Savino made the argument in support of the State's position that Hasting's motion to issue subpoenas should be denied. In support of her argument, Savino described Hastings' conduct in his divorce case, which included issuing dozens of subpoenas and filing hundreds of pages of documents after the divorce was finalized to harass his ex-wife. (Doc. 99-31 at 9; Doc. 99-32 at 2-4). Savino cited to judicially noticeable facts supported by the court record in the divorce case. (Doc. 99-32 at 2-4).

What's more, Hastings was afforded the opportunity to challenge Savino's assertions at the hearing. Specifically, the state court granted Hastings' request for a hearing on his motion. Hastings appeared and was

9

represented by counsel. (Doc. 99-31). Hastings' counsel made arguments on his behalf, and after consideration the court denied the motion. (Doc. 99-31; Doc. 99-33). The court also took judicial notice of a court order that prohibited Hastings from issuing subpoenas against his ex-wife. (Doc. 99-31 at 12). Thus, Hastings received a constitutionally adequate process to challenge Savino's allegedly false statements at a motion hearing.

## C. Absolute Prosecutorial Immunity

The undisputed facts also establish that both Russell and Savino are entitled to absolute prosecutorial immunity. Hastings' claim against Savino only survived dismissal on absolute immunity grounds because he alleged that Savino made statements under oath. (Doc. 45 at 6). "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 356 F.3d 1350, 1353 (11th Cir. 2004) (citation omitted). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court[.]" *Id.* (citation omitted). *See also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (absolute immunity for prosecutor in § 1983 case alleging that he filed charges without jurisdiction, offered perjured testimony, and suppressed exculpatory evidence).

Savino was acting in her capacity as a prosecutor when she appeared in the July 31, 2017 hearing. The transcript shows that Savino was never placed

under oath and never testified as a witness at that hearing. (Ex. 99-31). Rather, Savino acted as a prosecutor for the State when arguing at a motion hearing. Thus, she is absolutely immune from § 1983 damages.

Prosecutorial immunity also protects Russell. Hastings has shown no conduct of Russell that falls outside the scope of his duties as a prosecutor.

## CONCLUSION

In sum, Hastings' claims are conclusory and not supported by the material facts in the record. Hastings has offered no evidence that supports his version of the facts. After discovery, his case consists of purely wild speculation. Defendants are entitled to summary judgment.

Accordingly, it is now **ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 97) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close the case.

3. The Clerk is **DIRECTED** to terminate Defendants City of Fort Myers, Nicolas Mamalis, and Alesha Morel retroactively to March 11, 2021.

**DONE** and **ORDERED** in Fort Myers, Florida on November 16, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record